```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

AMJEN ENTERTAINMENT, INC.,              :

                Plaintiff,              :

     -against-                          :     09 Civ. 6464 (DAB)(HBP)

FUNKY BUDDHA PRODUCTIONS,               :     REPORT AND
L.L.C., FUNKU BUDDHA MEDIA,                   RECOMMENDATION
L.L.C., AND INTERNATIONAL               :
CREATIVE MANAGEMENT, INC.,
                                        :
                Defendants.
                                        :
-----------------------------------X
```

PITMAN, United States Magistrate Judge:

TO THE HONORABLE DEBORAH A. Batts, United States District Judge,

Your Honor referred this matter to me to conduct and inquest and to report and recommend concerning the amount of attorney's fees to be awarded to plaintiff.  By letter dated May 11, 2010, a copy of which is annexed hereto, counsel for plaintiff has advised me that plaintiff is waiving its right to recover attorney's fees.  There is, therefore, no longer a need for the inquest.

Accordingly, I respectfully recommend that this matter now be marked closed.

OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of this Report to file written objections.  See also Fed.R.Civ.P. 6(a).  Such objections (and responses thereto) shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Deborah A. Batts, United States District Judge, 500 Pearl Street, Room 2510, New York, New York 10007, and to the chambers of the undersigned, 500 Pearl Street, Room 750, New York, New York 10007.  Any requests for an extension of time for filing objections must be directed to Judge Batts.  FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS **WILL** RESULT IN A WAIVER OF OBJECTIONS AND **WILL** PRECLUDE APPELLATE REVIEW.  Thomas v. Arn, 474 U.S. 140 (1985); United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir.

1992); <u>Wesolek v. Canadair Ltd.</u>, 838 F.2d 55, 57-59 (2d Cir. 1988); <u>McCarthy v. Manson</u>, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated:  New York, New York
        May 13, 2010

                                      Respectfully submitted,

                                      HENRY PITMAN
                                      United States Magistrate Judge

Copy transmitted to:

David Atlas, Esq.
Hernstadt Atlas LLP
Suite 615
11 Broadway
New York, New York  10004

# HERNSTADT ATLAS LLP

11 Broadway, Suite 615 New York, NY 10004 . t 212.809.2502
f 212.214.0307 . david@heatlaw.com . www.heatlaw.com

May 11, 2010

BY FAX 212-805-6111
Hon. Henry Pitman
United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

    Re:    *Amjen Entertainment, Inc. v. Funky Buddha Productions, et. al.* 09 Civ. 6464 (DAB)

Dear Judge Pitman:

    At the direction of the Court's Law Clerk, we write regarding the Court's Scheduling Order dated March 15, 2010 requiring plaintiff to submit proposed findings of fact and conclusions of law concerning damages (specifically, to recover plaintiff's attorneys' fees and costs) by no later than May 17, 2010.

    As the Court may be aware, plaintiff commenced this action to secure the release of monies being held in escrow for it. Following the default by the Funky Buddha defendants, Judge Batts ordered the escrow funds released to plaintiff and directed that the remaining issues concerning the recovery of attorneys' fees and costs be referred to Your Honor. At this juncture, however, plaintiff is satisfied with its recovery and does not wish to incur the expense of further proceedings herein or to have the Court devote any more of its valuable resources to this matter. Accordingly, with the Court's permission, plaintiff will forego seeking to recover the attorneys' fees and costs it has incurred in this matter to date.

    We will make ourselves available at the Court's convenience if it wishes to discuss this matter further.

    Respectfully submitted,

    David Atlas